IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-190-BO

| | |
|---|---|
| MATTHEW FOTHERGILL, KAREN FOTHERGILL, and ANTHONY FOTHERGILL<br><br>Plaintiff,<br><br>v.<br><br>JONES COUNTY BOARD OF EDUCATION, MICHAEL T. BRACY and ETHAN LENKER, individually and as employees of Jones County Board of Education, PASCAL MUBENGA and JOLETHA WHITE, individually and as employees of Jones County Board of Education, BILL FRANKLIN, individually and as employee of Jones County Board of Education, SHEBANA RAJPUT, individually and as employee of Jones County Board of Education, VERNON FRANKS, individually and as agent of Jones County Board of Education Defendant. | O R D E R |

This matter is before the Court on Defendants Jones County Board of Education, Michael T. Bracy, Ethan Lenker, Pascal Mubenga, Joletha White, Bill Franklin, and Vernon Franks' Motion to Dismiss the Plaintiff's Amended Complaint.[1] Defendants' Motion is GRANTED in

---

[1] Defendant Shebana Rajput's Attorney has not yet entered an appearance in this action and is not included in this motion.

1

part and DENIED in part. The Court dismisses all federal claims, but chooses to exercise supplemental jurisdiction over the remaining state claims. Qualified immunity bars all claims against Defendants in their personality capacity, and sovereign immunity bars all tort claims against the Defendant Board. The Plaintiffs, however, may proceed with their claims directly under the North Carolina Constitution against the Defendant School Board for monetary damages.

## FACTS

Plaintiff Matthew Fothergill had a sexual relationship with his high school science teacher Shebana Rajput when he was a minor. Rajput has since been prosecuted and incarcerated. Matthew and his parents are now suing the School Board and several of its employees for their failure to stop the sexual relationship, their refusal to provide educational and emotional support to Matthew after discovery of the relationship, and their failure to prevent a school coach from ridiculing and blaming Matthew for Rajput's incarceration.

Plaintiffs claim that the Defendants knew or should have known of the sexual affair for several reasons: rumors of the relationship were rampant among students and the faculty, teachers teased Matthew about the relationship, Rajput spent a suspicious amount of time with Matthew on school grounds both before and after school, and Rajput behaved inappropriately with Matthew in public. It is not contested that Rajput and Matthew ever had sexual relations on school grounds. The school denies knowing about the relationship.

In addition, the relationship caused Matthew's school work to decline and he missed 30 days of school during a three month period (roughly 50% of school days). The school never

notified Matthew's parents about these absences or otherwise investigated their cause.

Matthew states that because of the relationship, he suffers severe physical, mental and emotional pain; requires medical and psychological treatment; and loses wages. His parents claim they incur substantial medical and rehabilitation expenses for Matthew; lose time from work; and suffer severe mental and emotional anguish. Collectively, they demand $10,000.00 in damages.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, a complaint must plead facts that state a plausible claim, and not merely a conceivable one. This plausibility standard is not akin to a "probability requirement," but instead asks for more than a sheer possibility that a defendant has acted unlawfully. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### II. Federal Claims

#### A. Dismissing Claims against Defendants in their Personal Capacities

Plaintiffs do not allege sufficient facts for their claims against Defendants in their personal capacities.

State officials are protected by qualified immunity. To overcome the barrier of qualified immunity, a plaintiff must show not only that the official violated a clearly established right, but also that a reasonable person would have understood he was violating that right. Anderson v.

Creighton, 483 U.S. 635 (1987). An official cannot be found liable if he was merely "sloppy, reckless or negligent in the performance of [his] [supervisory] duties." Doe v. City of Roseville, 296 F. 3d 431, 438 (6th Cir. 2002).

A student has a right against sexual abuse from his teacher. Jennings v. University of North Carolina, 482 F.3d 686, 701 (4th Cir. 2007) (acknowledging a Fourteenth Amendment equal protection right to be free from sexual harassment in an educational setting). However, the Plaintiffs here have not alleged any facts showing the Defendants knew about the sexual relationship. Thus, there is no way a reasonable person in the Defendants' position would have understood they were violating the Plaintiffs rights against sexual abuse.

Therefore, the Court dismisses all claims against Defendants in their personal capacities, and only the claims against the Defendant School Board remains.

### B. Dismissing Title IX Claim

Plaintiff does not allege adequate facts for a claim under Title IX. Title IX provides that,

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). A private right of action under Title IX requires an official to have actual knowledge of discrimination and fail to adequately to respond. Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 290 (1998). Plaintiffs, however, urge the Court to adopt the dissent in Baynard v. Malone arguing against the actual knowledge requirement, and finding constructive knowledge to be sufficient. 268 F.3d 228, 235 (4th Cir. 2001). The Court declines

4

this opportunity.

Here, the Plaintiff does not allege any facts showing that the School Board had actual knowledge of Matthew's affair with Rajput. The Court thus dismisses the Title IX claim.

### C. Dismissing the § 1983 Claims

The Court grants Defendants' Motion to Dismiss Plaintiff's § 1983 claims. As the Court has already determined that Defendants have qualified immunity, it is not necessary to address the Plaintiffs' claims for supervisory liability under § 1983 against Defendants in their personal capacities. Only the § 1983 claim against the Defendant School Board remains.

A municipality can be liable under § 1983 in an official capacity if a plaintiff shows that he was deprived of a constitutional right because of an official policy or because of a practice or custom that is so pervasive that it is the functional equivalent of an official policy. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). In addition, a municipality can also be liable for failure to train their employees, if the failure amounts to deliberate indifference to rights of the people whom the employee comes in contact. City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). For both theories, however, the plaintiff must establish causation. Id.

Here, the Plaintiffs have not alleged facts showing any policy or custom that lead the Defendants to fail to stop Matthew's relationship with his teacher or fail to help Matthew in its aftermath. In addition, the only inadequate training that Plaintiffs have identified regards the School Board's attendance procedures. The Board's failure to record, investigate, or report Matthew's absences, however, did not cause the sexual affair. Even assuming this was the actual or "but for" cause of the affair, it not the proximate cause of the affair as it was not reasonably

5

Case 4:09-cv-00190-BO   Document 54   Filed 10/22/10   Page 5 of 9

foreseeable that failure of these duties would result in a sexual relationship between a teacher and a student.

Thus the Court dismisses all the Plaintiffs claims under § 1983.

### III. Supplemental Jurisdiction

Although the Court has dismissed all claims over which it had original jurisdiction, the Court chooses to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. 1367(c)(3).

### IV. State Tort Claims

The Plaintiffs allege several tort claims against the Defendant School Board including negligence, breach of fiduciary duty, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, supervision, and retention. The Court holds these claims are barred by sovereign immunity. The Plaintiffs, however, can still bring their claims directly under the North Carolina Constitution.

### A. Sovereign Immunity

In North Carolina, the doctrine of sovereign immunity bars tort suits against school boards unless the board waived its immunity. Overcash v. Statesville City Bd. of Educ., 83 N.C. App. 21, 22-23 (1986). Immunity can only be waived by purchasing a liability policy through a licensed insurer that covers the legal claim in question. N.C. Gen. State. § 115C-42; Lucas v. Swain County Bd. of Educ., 154 N.C. App. 357, 361 (2002);

In the absence of an adequate state remedy, however, one whose state constitutional rights have been abridged has a direct claim for monetary damages against the State under the North

6

Carolina Constitution, known as a "Corum Claim." Corum v. University of North Carolina Through Bd. of Governors, 330 N.C. 761, 783-87 (1992). One way a state remedy is considered inadequate is if it is barred by sovereign immunity. As the North Carolina Supreme Court stated,

> our constitutional rights should not be determined by the specific language of the liability insurance policies carried by the boards of education in each county. Allowing sovereign immunity to bar this type of constitutional claim would lead to inconsistent results across this State, as persons in some counties would find themselves in plaintiff's position, with no remedy at all for this type of injury, while others would be compensated. Instead, individuals may seek to redress all constitutional violations, in keeping with the 'fundamental purpose' of the Declaration of Rights to "ensure that the violation of [constitutional] rights is never permitted by anyone who might be invested under the Constitution with the powers of the State.

Corum, 330 N.C. at 782-783 (1992). In Craig ex. rel. Craig v. New Hanover County Bd. of Educ., for example, the Court found that the plaintiff student stated claims under the North Carolina Constitution when the School Board failed to protect the student from sexual assault from another student. Specifically, the Court found claims under Article I, Section 15 (right to the privilege of education), Article I, Section 19 (no deprivation of a liberty interest or privilege but by the law of the land), and Article IX, Section 1 (schools and means of education shall be encouraged). Craig ex. rel. Craig v. New Hanover County Bd. Of Educ., 363 N.C. 334 (2009).

Here, it is undisputed that Defendant Board has not waived its sovereign immunity. Plaintiffs, however, are permitted to pursue claims for monetary damages directly under the North Carolina Constitution. As in Craig, the Plaintiffs have claims under the North Carolina Constitution's Article 1, Section 15; Article 9, Section 1; and Article 1, Section 19. Plaintiffs' all other tort claims are dismissed.

### B. Dismissing Claim for Punitive Damages

The Plaintiffs have no claim for punitive damages against the Defendants.

In the absence of statutory provisions to the contrary, municipal corporations are immune from punitive damages. N.C. Gen. Stat. §§ 1D-1-1D-50; Long v. City of Charlotte, 306 N.C. 187, 2007 (1982). Municipal Corporations include school boards. Ripellino v. North Carolina School Boards Assn'n, Inc., 581 S.E.2d 88 (N.C. Ct. App. 2003). This rule applies even to cases brought directly under the Constitution. Crain v. Butler, 419 F. Supp. 793 (E.D.N.C. 2005).

As no statutory exception applies here, the Plaintiffs' claim for punitive damages is dismissed.

### CONCLUSION

The Defendants' Motion to Dismiss is Granted in part and Denied in part.

The Court dismisses all federal claims, but chooses to exercise supplemental jurisdiction over the remaining state claims. While qualified and sovereign immunity bars the state tort claims, the Plaintiffs may proceed with their claims directly under the North Carolina Constitution against the Defendant School Board for monetary damages. Plaintiffs' claim for punitive damages, however, is dismissed.

SO ORDERED, this 20 day of October, 2010.

                                                    */s/ Terrence W. Boyle*
                                                    TERRENCE W. BOYLE
                                                    UNITED STATES DISTRICT JUDGE

9

Case 4:09-cv-00190-BO   Document 54   Filed 10/22/10   Page 9 of 9